UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULIO CESAR RODRIGUEZ-CARDENAS,<br>Petitioner,<br>v.<br>BRUCE SCOTT, ET AL.,<br>Respondent. | Case No. 2:26-cv-02700-TLF<br><br>ORDER DENYING HABEAS RELIEF |

Petitioner, Julio Cesar Rodriguez-Cardenas, through counsel, filed this second federal habeas corpus petition under 28 U.S.C. § 2241. Dkt. 1. Petitioner is currently detained at the Northwest ICE Processing Center (NWIPC). *Id.* The parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 4.

Petitioner challenges the bond hearing and determination he received as "arbitrary, conclusory, reflective of an abuse of discretion, and devoid of any reasoned or individualized analysis and unsupported by the record." Dkt. 1 at 1-2. He contends the bond hearing did not provide meaningful individualized custody determination required by due process. Dkt. 1 at 10. Petitioner requests immediate release, or in the alternative, immediate release under conditions of supervision, and that the Court "[r]etain jurisdiction to ensure complaint with the Court's order and to resolve any disputes concerning its implementation." Dkt. 1 at 25.

Respondents contend that petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a)(6). Dkt. 7 at 1. They argue petitioner is subject to a reinstated removal order, the bond hearing was not ordered by a District Court as habeas corpus relief and was granted by an immigration judge; therefore, he was not entitled to an individualized hearing and is being held lawfully. *Id*. at 2 (citing *Perez Benitez v. Scott*, No. 2:26-cv-02151-DGE, 2026 WL 2321445 (W.D. Wash. Aug. 11, 2026)("Petitioner cannot demonstrate that his detention is unlawful because of a bond hearing that he was not legally required to receive"). Respondents also argue failure to exhaust his administrative remedies. *Id*.

For the reasons discussed below, the Court DENIES petitioner's request for habeas relief. Petitioner's detention is governed by § 1231(a), he has no statutory entitlement to a bond hearing, and the circumstances presented here do not establish a due-process violation requiring his release.

## BACKGROUND

Petitioner has been detained for approximately ten months. Dkt. 1 at 2. He is a native and citizen of Mexico and has lived in the United States for more than twenty years. *Id*. at 3. He is married to a United States citizen and has four United States citizen children. *Id*. at 4. Petitioner alleges he was previously removed from the United States in 2004 and subsequently reentered the country. *Id*. at 3. The Form I-213 states that petitioner has three voluntary returns and outlines the circumstances of his 2004 crossing. Dkt. 10-1 at 6,9.

In 1998, petitioner was convicted of theft in the second degree. *Id*. at 4. In 2024, he was arrested in Josephine County, Oregon, under Case No. 24CR36645, on

charges relating to marijuana and groundwater use. Those charges were dismissed. Dkt. 10-1 at 18-19. According to the Form I-213, on July 2, 2025, an arrest warrant was issued in the U.S. District Court of Oregon (1:25-MJ-00184-CL) for the offense of 8 U.S.C. 1326 Illegal Re-entry. Dkt. 10-1 at 5. On September 22, 2025, an I-200 warrant was issued for petitioner's arrest. *Id*. at 6.

On or about October 2, 2025, petitioner was taken into immigration custody. Dkt. 1 at 3. He is detained under a reinstated prior order of removal. Dkt, 10-1 at 6; *see also* Dkt. 8, Declaration of Deportation Officer Kurtis Reed (Reed Decl.) ¶ 9.

After petitioner expressed a fear of returning to Mexico, his reasonable-fear claim was considered by an asylum officer and denied. Dkt. 1 at 3; Dkt. 8, Reed Decl. ¶¶ 9-10. An Immigration Judge affirmed that determination. *Id*; Dkt. 10-1 at 10. Petitioner sought review in the Ninth Circuit. The Ninth Circuit granted a stay of removal, which remains in effect. Dkt. 1 at 3; Dkt. 8, Reed Decl. ¶ 11.

On June 24, 2026, the Ninth Circuit ordered the proceedings be stayed pending resolution of *Navarrete v. Blanche*, No. 24-2776, or further order of the Court. Dkt. 10-1 at 16.

On March 27, 2026, petitioner filed a habeas petition challenging his continued detention. *Rodriguez-Cardenas v. Scott*, Case No. 2:26-cv-01052-TSZ, Dkt. 1. The Honorable Thomas S. Zilly denied the petition. In his amended petition, petitioner challenged the legality of his continued detention as "effectively indefinite" while his petition for review and stay of removal were pending. *Id*. at Dkt. No. 6, 12-13. Citing *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008), the Court concluded that petitioner's detention was not indefinite and denied his request for immediate release.

*Rodriguez- Cardenas v. Scott,* No. C26-1052 TSZ, 2026 WL 1758644 (W.D. Wash. June 18, 2026), *2–3. The court also denied petitioner's request for a bond hearing because he had not exhausted his administrative remedies by first requesting a bond hearing before an Immigration Judge. *Id*. at *3.

On July 3, 2026, petitioner requested bond reconsideration from the Tacoma Immigration Court. Dkt. 8, Reed Decl. ¶ 13. On July 13, 2026, the Immigration Court held a bond redetermination hearing and found that the government had established by clear and convincing evidence that petitioner is a flight risk and denied petitioner's request for bond. Dkt. 13, Recording of Bond Hearing.

## DISCUSSION

### A. Petitioner's current detention is authorized by U.S.C. 1231(a), which does not provide statutory authority for a bond hearing

Noncitizens whose prior removal orders are reinstated are detained under 8 U.S.C.A. § 1231(a) are not eligible for individualized bond hearings. *See Johnson v. Guzman Chavez*, 594 U.S. 523 (2021). Section 1231(a) includes an expedited process for noncitizens who reenter the United States without authorization after having already been removed. 8 U.S.C. § 1231(a)(5); *see also* 8 C.F.R. §§ 241.8, 1241.8 (procedures for reinstating removal order).

If a non-citizen who has been removed from this country under a removal order later reenters the United States illegally, the prior removal order may be reinstated. *See Morales–Izquierdo v. Gonzales*, 486 F.3d 484, 487 (9th Cir.2007). If the removal order is reinstated, it is "reinstated from its original date and is not subject to being reopened or reviewed, ..." 8 U.S.C. § 1231(a)(5). Further, "the [non-citizen] is not eligible and may

not apply for any relief under this chapter, and ... shall be removed under the prior order at any time after the reentry." *Id*.

The regulations governing reinstated removal orders, however, "create[ ] an exception by which an alien who expresses 'a fear of returning to the country designated in his reinstated removal order is 'immediately' referred to an asylum officer who must determine if the alien has a reasonable fear of persecution or torture in accordance with 8 C.F.R. 208.31." *Ortiz–Alfaro v. Holder*, 694 F.3d 955, 956 (9th Cir.2012) (citing 8 C.F.R. § 241.8(e)). If the asylum officer decides that the non-citizen has a reasonable fear of persecution or torture, the case is referred to an immigration judge "for full consideration of the request for withholding of removal only." 8 C.F.R. § 208.31(e). Petitioner is subject to a reinstated order of removal. Although he has pursued review of the reasonable-fear determination and the Ninth Circuit has stayed his removal, those proceedings do not place the reinstated removal order itself at issue. Accordingly, petitioner's detention is governed by § 1231(a).

Because petitioner is detained under § 1231(a), he has no statutory entitlement to an individualized bond hearing. As the Court in *Perez Benitez v. Scott,* No. 2:26-cv-02151-DGE, 2026 WL 2321445 (August 11, 2026) explained,

> "In *Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022), the Supreme Court held that "there is no plausible construction of the text of § 1231(a)(6) that requires the Government to provide bond hearings before immigration judges after six months of detention, with the Government bearing the burden of proving by clear and convincing evidence" and that the statute "does not address or even hin[t] at the[se] requirements." 596 U.S. at 580–581 (internal quotations omitted) (first alternation in original). In *Rodriguez Diaz v. Garland*, the Ninth Circuit acknowledged that "[a]lthough we previously concluded that bond hearings and certain procedures were statutorily required under §§ 1225(b), 1226(c), and 1231(a)(6) based on the doctrine of constitutional avoidance, the Supreme Court has since held that none of these rights exist as a statutory matter." 53 F.4th 1189, 1201 (9th

> Cir. 2022) (emphasis added) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 305 (2018) and Arteaga-Martinez, 596 U.S. at 581). However, *Arteaga-Martinez* expressly did not reach the petitioner's constitutional claim that due process requires individualized bond hearings when detention under § 1231(a)(6) becomes prolonged. 596 U.S. at 583. Thus, "it remains undetermined whether the Due Process Clause requires additional bond procedures under" 8 U.S.C. § 1231. *Rodriguez Diaz*, 53 F.4th at 1201."

2026 WL 2321445, at *3.

Here, petitioner also claims his constitutional rights have been violated. *See generally* Dkts. 1,12.

**B. Petitioner does not have a due process right to another hearing**

Petitioner contends that the July 2026 bond hearing was constitutionally inadequate because the Immigration Judge's determination was arbitrary, conclusory, and unsupported by an individualized analysis. Dkt. 1 at 1-2, 10. Petitioner seems to argue that, because the IJ conducted a bond hearing, the government was constitutionally required to provide a particular type of hearing. As the court explained in *Perez Benitez v. Scott*,

> "Petitioner is essentially pursuing a promissory estoppel argument—that once a bond hearing was provided, the immigration court was required to provide a constitutionally adequate one. However, Petitioner provides *no* authority for this proposition. And furthermore, promissory estoppel requires showing detrimental reliance. *Consortium Info. Services, Inc. v. Credit Data Services, Inc.*, 149 Fed. Appx. 575, 576 (9th Cir. 2005) (unpublished). Petitioner does not show that he relied on a constitutionally adequate bond hearing to his detriment."

2026 WL 2321445, at *3. Petitioner cites no authority for the contention that a bond hearing for which there is no independent statutory or constitutional underpinning nevertheless must be analyzed under the *Mathews* factors.

Even if this Court applies *Mathews v. Eldridge*, 424 U.S. 319 (1976), no hearing is necessary. Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Supreme Court has held that "the Due Process Clause protects [a noncitizen] subject to a final order of deportation." *Zadvydas*, 533 U.S. at 693–94.

The traditional test for evaluating due process claims is set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews,* 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). *Mathews* employes a three-factor test looking at (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest." *Mathews*, 424 U.S. at 335.

**1. Private Interest**

As to the first factor, petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). The petitioner's weighty liberty interest in not being detained is not extinguished or diminished solely because he is a noncitizen in immigration proceedings. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (Freedom from restraint is at the core of the liberty protected by the Due Process Clause from arbitrary governmental action); *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful,

temporary, or permanent."). As to the first factor, a liberty interest protected by due process "may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty'"; on the other hand, a liberty interest may "arise from an expectation or interested created by state laws or policies. . . ". *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005); *Ingraham v. Wright,* 430 U.S. 651, 672-673 (1977). Respondents acknowledge this factor favors petitioner. Dkt. 7 at 7.

**2. Risk of Erroneous Deprivation**

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest and the probable value, if any, of additional or substitute procedural safeguards. *Mathews*, 424 U.S. at 335.

Petitioner contends that an individualized custody determination would reduce the risk of an erroneous deprivation because it would allow the decisionmaker to consider his circumstances, including his family ties, humanitarian considerations, and a pending U-Visa.[1] Dkt. 1 at 22. But petitioner has not identified a basis for concluding that the procedures used in his case resulted in an erroneous deprivation of his liberty interest.

Petitioner's circumstances—including his family ties, length of residence in the United States, and pursuit of immigration relief—are relevant considerations, but the appropriate remedy is for the petitioner to appeal to the Board of Immigration Appeals.

[1] The Hon. Thomas S. Zilly noted, in his order denying habeas relief, that: "A noncitizen 'who is the subject of a final order of removal, deportation, or exclusion is not precluded from filing a petition for U–1 nonimmigrant status directly with USCIS,' but '[t]he filing of a petition for U–1 nonimmigrant status has no effect on ICE's authority to execute a final order.' *Rodriguez- Cardenas v. Scott,* No. C26-1052 TSZ, 2026 WL 1758644 (W.D. Wash. June 18, 2026), n.2 (citing C.F.R. § 214.14(c)(1)(ii)).

**3. Governmental Interest**

"[T]he government clearly has a strong interest in preventing [noncitizens] from 'remain[ing] in the United States in violation of our law.'" *Rodriguez Diaz*, 53 F.4th at 1208 (quoting *Demore v. Kim*, 538 U.S. 510, 518 (2003)). "The Supreme Court has instructed that in a *Mathews* analysis, we 'must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature.'" *Id.* (quoting *Landon v. Plasencia*, 459 U.S. 21, 34 (1982)).

Here, petitioner is subject to a reinstated removal order, and his removal is currently stayed by the Ninth Circuit.

Respondents argue that the stay does not render petitioner's detention indefinite because the stay is temporary and removal may proceed if the stay is lifted. Dkt. 7 at 7–8. Respondents further contend that if removal ultimately becomes no longer reasonably foreseeable, *Zadvydas* would require consideration of release rather than a bond hearing. *Id*.

Petitioner responds that his detention is presently tied to appellate proceedings that he cannot advance because the Ninth Circuit has stayed proceedings pending resolution of *Navarrete v. Blanche*. Dkt. 1 at 22. The Ninth Circuit has held that the uncertainty associated with the timing of judicial review does not necessarily render detention indefinite where removal remains reasonably foreseeable. See *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008). And, "[u]nlike the detainees in *Zadvydas*," a petitioner subject to a reinstated removal order is not necessarily "stuck in a 'removable-but-unremovable limbo.'" *Alvarado v. Wamsley*, No. 2:26-CV-01147-DGE,

2026 WL 1543226, at *3 (W.D. Wash. June 2, 2026) (quoting *Prieto-Romero*, 534 F.3d at 1063)("As in *Prieto-Romero*, the uncertainty of when the Ninth Circuit will decide Petitioner's appeal, standing alone, does not support the conclusion that Petitioner's detention has become *indefinite* in the sense the Supreme Court found constitutionally problematic in *Zadvydas*.").

Petitioner does not contend that Mexico lacks a repatriation agreement with the United States or that Mexico would refuse to accept him if his petition for review is unsuccessful. *Id*. Under *Prieto-Romero*, the fact that the Ninth Circuit has not yet resolved petitioner's case, standing alone, does not establish that his removal is no longer reasonably foreseeable.

On this record, therefore, the *Mathews* factors do not establish that petitioner's continued detention without another individualized custody determination violates due process.

**<u>CONCLUSION</u>**

Although the Due Process Clause may, in appropriate circumstances, impose procedural limitations on prolonged immigration detention, petitioner has not demonstrated that the procedures used here created an unconstitutional risk of erroneous deprivation or that his detention has become indefinite within the meaning of *Zadvydas*. For all these reasons, the Court DENIES petitioner's habeas petition.

Dated this 17th day of September, 2026.

Theresa L. Fricke
United States Magistrate Judge